IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DOVID KOHN,                              )
                                         )
              Petitioner,                )
    v.                                   )
                                         )    Case No. 3:25-cv-454
JOHN DOE *et al.*,                       )    Judge Stephanie L. Haines
                                         )
              Respondents.               )
                                         )
                                         )
                                         )

## ORDER

Dovid Kohn ("Petitioner") is an immigration detainee who is currently being held at the Moshannon Valley Processing Center ("MVPC") in Clearfield County, Pennsylvania. On December 1, 2025, Petitioner submitted a "Petition for Writ of Habeas Corpus" (the "Petition") and later, on December 19, 2025, filed a Motion for Temporary Restraining Order and/or Preliminary Injunction. ECF Nos. 1, 5. At this time, pending before the undersigned is the Temporary Restraining Order (T.R.O.), wherein Petitioner seeks his immediate release pending the outcome of his Petition. ECF No. 5, p. 1.

Petitioner sets forth that he is an Israeli Citizen who came to the United States in the early 1990s and has resided in the New York Hasidic Jewish Community since then. ECF No. 1, ¶ 2. Petitioner was initially detained by Respondents for a period of ninety days, placed in removal proceedings, and ordered removed to Israel. *Id.* He was released on an Order of Supervision ("OSUP") because travel documents could not be retained. *Id.* Petitioner has been compliant with his OSUP provisions and was re-detained on October 30, 2025, while in a prescheduled check-in appointment with ICE. ECF No. 1, ¶ 3.

Pursuant to Federal Rule of Civil Procedure 65:

1

The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and

> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

FED. R. CIV. P. 65(b)(1) (emphasis added). Further, in order to obtain a T.R.O. a petitioner must show that: (1) he is likely to succeed on the merits, (2) denial will result in irreparable harm to the petitioner, (3) granting the injunction will not result in irreparable harm to the respondent(s), and (4) granting the injunction is in the public interest. *Reilly v. City of Harrisburg*, 858 F.3d 173, 179 (3d Cir. 2017); *Maldonado v. Houston*, 157 F.3d 179, 184 (3d Cir. 1998); *Bieros v. Nicola*, 857 F. Supp. 445, 446 (E.D. Pa. 1994) ("The standards for a temporary restraining order are the same as those for a preliminary injunction."). The first two factors, likelihood of success on the merits and irreparable harm, "operate both as essential elements and as factors that guide the exercise of equitable discretion. They are elements because the failure of the moving party to make either of those threshold showings is fatal to the issuance of a preliminary injunction." *Transcontinental Gas Pipe Line Co., LLC v. Pennsylvania Environmental Hearing Board*, 108 F.4th 144, 150 (3d Cir. 2024).

Upon review of Petitioner's Motion for a T.R.O. wherein he requests his immediate release, ECF No. 5, **IT IS HEREBY ORDERED** that Petitioner's Motion at ECF No. 5 is **DENIED.** The relief Petitioner requests goes beyond the "limited nature of a [T.R.O.]" and instead requests "mandatory, affirmative relief[.]" *Hope v. Warden York County Prison (Hope I)*, 956 F.3d 156, 162 (3d Cir. 2020) (finding that where the district court purported to enter an *ex parte* T.R.O. but directed the release of twenty petitioners, the "relief altered the status quo, exceeding the temporary

and limited nature of a [T.R.O.]") (citing *Granny Goose Foods Inc. v. Brotherhood of Teamsters and Auto Truck Drivers Local*, 415 U.S. 423, 439 (1974)).  Because mandatory, affirmative relief may not be afforded via a T.R.O, the Court must, therefore, DENY Petitioner's Motion at ECF No. 5.

**IT IS FURTHER ORDERED** that to the extent Petitioner seeks a Preliminary Injunction and resolution of his pending Petition, all remaining matters in this case remain referred to the Magistrate Judge for consideration in the first instance.

DATED: January 15, 2026                    BY THE COURT:

STEPHANIE L. HAINES
UNITED STATES DISTRICT JUDGE